## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## AT EVANSVILLE

| | |
|---|---|
| JOSEPH WORTHAM<br>625 Woodford Place<br>La Grange, KY 40031<br><br>        PLAINTIFF<br><br>v.<br><br>BICKEL BROS. AUTO SALES, INC.<br>21201 Dixie Highway<br>West Point, KY 40177<br><br>Serve:    Michael Bickel<br>           21201 Dixie Highway<br>           West Point, KY 40177<br><br>AND<br><br>MICHAEL BICKEL<br>21201 Dixie Highway<br>West Point, KY 40177<br><br>AND<br><br>COUNTRY MOTORS<br>409 East Center Street<br>PO Box 232<br>Bellflower, IL 61724<br><br>AND<br><br>MICHAEL NOE<br>d/b/a Country Motors<br>409 East Center Street<br>PO Box 232<br>Bellflower, IL 61724<br><br>        DEFENDANTS | CIVIL ACTION NO. 3:20-cv-18<br><br>Demand for Jury Trial |

## **COMPLAINT**

### **I. Preliminary Statement**

1. This is a damages action under 49 U.S.C. § 32701 *et. seq.* and state law against at least 2 motor vehicle resellers who defrauded Plaintiff. Plaintiff alleges that Country Motors, Bickel Bros. Auto Sales, Inc., and/or the persons associated with them tampered with the odometer and falsely represented the actual mileage of a vehicle which was sold to Plaintiff. Plaintiff further alleges that Defendants had actual knowledge of the false odometer numbers at the time of sale. Plaintiff further alleges Michael Bickel and/or Michael Noe actively participated in this odometer rollback and their actions were ratified by Bickel Bros. and Country Motors, respectively. Plaintiff further alleges that Defendants violated several state laws of Kentucky which is the appropriate state law to apply considering Indiana's choice of law rules.

## II. Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 which provides for original district court jurisdiction over cases presenting federal questions. It is further conferred by a jurisdictional provision in 49 U.S.C. § 32710 allowing this specific claim to be filed in United States District Court.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Bullitt County, Kentucky is the location of the events and/or omissions giving rise to this claim; therefore, venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

5. The plaintiff, Joseph Wortham (Wortham), at all times material hereto was and is a resident of Kentucky.

6. The defendant, Bickel Bros. Auto Sales, Inc. (Bickel Bros.), is a corporation organized under Kentucky law and at all times mentioned herein, was a Kentucky corporation.

7. The defendant, Michael Bickel (Bickel), at all material times hereto was and is a resident of Kentucky.

8. The defendant, Country Motors, upon information and belief is an unorganized business entity with principle place of business in Illinois.

9. The defendant, Michael Noe (Noe), at all material times hereto was and is a resident of Illinois.

### IV. Nature of Defendants' Conduct

10. Upon information and belief, Plaintiff alleges: (i) that defendants individually and in conspiracy with one another engaged in the conduct described herein; (ii) that the defendants named above knowingly and/or negligently participated in, acquiesced in, encouraged, implicitly authorized, explicitly authorized, implicitly approved and/or explicitly approved the conduct described herein; (iii) that the conduct described herein resulted from the failure of the defendants Bickel Bros. and Bickel to: (a) employ qualified persons for positions of responsibility; and/or (b) to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or (c) to require appropriate operating policies and procedures either formally or by custom to protect the consumer rights of Mr. Wortham; and/or (iv) that defendants' conduct was intentional, deliberately indifferent, negligent, and/or grossly negligent with regard to their legal responsibilities and the consumer rights of Mr. Wortham, and justifies an award of actual and punitive damages as well as attorney's fees.

### V. Facts

11. On March 12, 2018 Wortham and Bickel Bros. entered into a contract to provide a 2008 Yukon XL (the "Vehicle") in exchange for $15,100.00.

12. Michael Bickel was the salesperson who made all representations to Wortham regarding the vehicle and completed the sale contract on behalf of Bickel Bros.

13. The contract contained a federally mandated odometer disclosure statement which stated the Vehicle has 138,511 miles on the odometer at the time of sale.

14. The odometer statement also represented that this was the true and accurate mileage on the Vehicle at the time of sale.

15. At the time of sale Bickel showed Wortham a Carfax vehicle history report which did not list any odometer discrepancy issues with the vehicle.

16. The contract was written and entered into in West Point, KY.

17. Wortham took possession of the Vehicle and began using it to transport his wife and children.

18. Wortham began experiencing problems with the Vehicle and sought repairs from various repair shops.

19. On or about September 27, 2018 Wortham took the Vehicle to Craig and Landreth for various repairs.

20. A Craig and Landreth employee became suspicious because the Vehicle should not have been in the condition it was without having much higher mileage.

21. The employee pulled a Carfax history report which showed the Vehicle had 245,924 miles on March 1, 2017; 251,338 miles on March 28, 2017; and 257,195 miles on June 15, 2017 and listed a possible odometer discrepancy.

22. This was the first time Wortham was notified the Vehicle may have more than the represented mileage.

23. On or about November 8, 2018 Wortham took the Vehicle to Champion Chevrolet for various repairs.

24. A Champion Chevrolet employee became suspicious because the Vehicle should not have been in the condition it was without having much higher mileage.

25. The employee pulled another Carfax history report which also showed the Vehicle had 245,924 miles on March 1, 2017; 251,338 miles on March 28, 2017; and 257,195 miles on June 15, 2017 and listed a possible odometer discrepancy.

26. Based on information and belief, the employee then contacted GM to verify that the odometer module was correctly calibrated and associated with the Vehicle.

27. Based on information and belief, GM told the employee that the odometer module had been tampered with or replaced by another unit.

28. Upon learning this new information regarding the odometer module Wortham began investigating the vehicle's history.

29. Wortham contacted the service provider who originally reported the March 1, 2017, March 28, 2017, and June 15, 2017 mileage totals to Carfax.

30. This service provider confirmed the reported mileage numbers.

31. The Vehicle was transferred from its first owners to Country Motors on January 9, 2018 via a transfer that did not disclose the actual mileage.

32. This transfer occurred after Carfax had noted the vehicle had 257,195 miles as of June 15, 2017.

33. The vehicle was transferred from Country Motors to Bickel Bros. at an auction in Evansville, IN on February 22, 2018.

34. The mileage on the transfer between Country Motors and Bickel Bros. was listed as 138,361.

35. Michael Noe signed this transfer for Country Motors.

36. Michael Bickel signed this transfer for Bickel Bros.

37. Wortham contacted Bickel and Bickel Bros. regarding this mileage disparity before the filing of this suit.

38. Bickel responded that he never saw the Carfax report and instead used a service called Autocheck which did not list the mileage discrepancy.

39. Wortham was never shown the Autocheck at time of sale and instead Bickel showed him a Carfax report without the mileage information present on the Carfax report Wortham received from Champion Chevrolet.

## VI. Federal Cause of Action

### Count I – Violation of 49 U.S.C. § 32701 *et. seq.*

40. Paragraphs 1-39 above are incorporated herein by reference and made this Paragraph 40.

41. Defendants disconnected, reset, and/or altered the odometer on the Vehicle in a manner which violates 49 U.S.C. § 32703.

42. Defendants, with intent to defraud, gave a false statement of the Vehicle's mileage when each transferred the Vehicle to a new purchaser.

43. 49 U.S.C. § 32710 provides for a private right of action, statutory damages, costs, and attorney's fees.

44. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.

45. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

### V. <u>Kentucky State Law Causes of Action</u>

46. Indiana state choice of law rules apply to state law actions filed in United States District Court for the Southern District of Indiana under the doctrine established by *Klaxon Co. v. Stentor Electric Mfg. Co.*

47. Based on Indiana's state choice of law rules the court should apply Kentucky state substantive law regarding the claims made in this case.

48. The below listed causes of action are based on Kentucky state law.

### Count II – Tampering with Odometer

49. Paragraphs 1-48 above are incorporated herein by reference and made this Paragraph 49.

50. Tampering with odometer is codified by KRS 190.260 *et. seq.* and states that anyone with the intent to defraud, alters an odometer, fails to disclose actual mileage of a vehicle, or fails to repair an odometer in a specific manner has committed an illegal act.

51. Defendants engaged in conduct which violates KRS 190.260 *et. seq.*

52. Tampering with odometer is applicable to civil cases through KRS 446.070 which states that persons injured by violation of any statute may recover from the offender such damages as sustained by violation of the statute, regardless if a penalty is imposed.

53. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.

54. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

### Count III – Negligence and Gross Negligence

55. Paragraphs 1-54 above are incorporated herein by reference and made this Paragraph 55.

56. Defendants were negligent and/or grossly negligent during the sale process when they represented the Vehicle had less than 140,000 miles at the time of sale when in reality it had over 250,000 miles at the time of sale.

57. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.

58. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

### Count IV – Consumer Protection Action for Recovery

59. Paragraphs 1-58 above are incorporated herein by reference and made this Paragraph 59.
60. Plaintiff purchased goods or services from Bickel Bros. for personal, family, or household use.
61. Defendants committed unfair, false, misleading, or deceptive acts in the conduct of trade or commerce as defined in KRS 367.170.
62. These acts caused damages to Plaintiff.
63. KRS 367.220 allows for a private right of action regarding a violation of KRS 367.170.
64. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.
65. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

## Count V – Civil Fraud

66. Paragraphs 1-65 above are incorporated herein by reference and made this Paragraph 66.

67. Defendants made material representations to Plaintiff that were false, specifically that the Vehicle had 138,511 miles on it at the time of sale.

68. Defendants made these representations with the knowledge they were untrue or with reckless disregard for their accuracy.

69. Defendants made these representations with the intention they be acted on by Plaintiff.

70. Plaintiff did indeed rely on these representations when he purchased the Vehicle and suffered damages as a result.

71. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.

72. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

## Count VI – Forgery in the Second Degree

73. Paragraphs 1-72 above are incorporated herein by reference and made this Paragraph 73.

74. Forgery in the Second Degree is codified by KRS 516.030 and states as follows: "A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure

another, he falsely makes, completes or alters a written instrument… which is or purports to be or which is calculated to become or to represent when completed: A deed, will, codicil, contract, assignment, commercial instrument, credit card or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status."

75. Defendants engaged in conduct which violates KRS 516.030.

76. Forgery in the second degree is applicable to civil cases through KRS 446.070 which states that persons injured by violation of any statute may recover from the offender such damages as sustained by violation of the statute, regardless if a penalty is imposed.

77. Plaintiff has suffered damages due to this forgery.

78. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.

79. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

### Count VII – Breach of Contract

80. Paragraphs1-79 above are incorporated herein by reference and made this Paragraph 80.

81. Plaintiff entered into a contract with Bickel Bros. and Bickel in which he would exchange $15,100.00 in exchange for a 2008 Yukon XL with 138,511 miles on it.

82. Plaintiff delivered his $15,100.00 as agreed, but the Defendants failed and refused to deliver a 2008 Yukon XL with 138,511 miles on it.

83. Plaintiff has suffered damages as a result of this breach.

84. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.

85. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

### Count VIII – Mutual Mistake

86. Paragraphs 1-85 above are incorporated herein by reference and made this Paragraph 826

87. Plaintiff and Defendants both thought they were entering into an agreement for a Yukon XL with 138,511 miles on it.

88. The Vehicle was not a 2008 Yukon XL with 138,511 miles on it and in fact had significantly more miles on it at the time of sale.

89. Defendants have failed and refused to remedy this mutual mistake.

90. At all times material hereto, defendant, Bickel, was an agent, servant and/or employee of defendant, Bickel Bros., and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Bickel Bros., is jointly and severally liable, for any judgment obtained herein against defendant, Bickel, including but not limited to punitive damages and attorney's fees.

91. At all times material hereto, defendant, Noe, was an agent, servant and/or employee of defendant, Country Motors, and was acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Country Motors, is jointly and severally liable, for any judgment obtained herein against defendant, Noe, including but not limited to punitive damages and attorney's fees.

## VI. Damages

92. Paragraphs 1-91 above are incorporated herein by reference and made this Paragraph 92.

93. Plaintiff, Joseph Wortham, is entitled to recover statutory damages, costs, and attorney's fees to the full extent allowed by law. Plaintiff, Joseph Wortham, is also entitled to recover damages for reduction in value, loss of use, out of pocket costs. The violation of Mr. Wortham's statutory and common law rights was fraudulent, malicious, and evinced a total and reckless disregard for his rights, entitling plaintiffs to recover punitive damages to deter such conduct in the future. This relief and these damages are proper under KRS 411.184 and 411.186.

**WHEREFORE**, Plaintiffs request trial by jury of all allegations set forth herein, and that plaintiffs be awarded all damages sought in Paragraph 93, including actual, statutory, and punitive damages, pre- and post- judgment interest at the maximum legal rate, costs, attorneys' fees and all other relief to which he is entitled under law or in equity.

Respectfully submitted,

/s/Rob Astorino Jr.
Rob Astorino Jr.
STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY 40205
(502) 553-4750
(502) 459-2787 (f)
rastorino@steinwhatley.com